**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 21-23214-CV-GAYLES/TORRES

WILSHIRE INSURANCE COMPANY,

     *Plaintiff,*

and

GREAT AMERICAN ALLIANCE
INSURANCE COMPANY, *et al.,*

     *Intervenor Plaintiffs,*

v.

CRESTVIEW TOWERS CONDOMINIUM
ASSOCIATION, INC., *et al.,*

     *Defendants.*

_____/

**REPORT AND RECOMMENDATION**
**ON DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on Crestview Towers Condominium Association, Inc. ("Crestview" or the "Association") and Marian Mori's ("Ms. Mori") (collectively, "Defendants") motion to dismiss against Great American Insurance Company ("Great American") and Great American Alliance Insurance Company ("GA Alliance") (collectively, "Intervenor Plaintiffs" or the "Great American Parties") for failure to state a claim and for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), respectively.   [D.E. 178; 179]. Intervenor Plaintiffs responded to Defendants' motion on March 3, 2023 [D.E. 188;

1

189] to which Defendants replied on March 10, 2023.  [D.E. 192; 193].  Therefore, Defendants' motion is now ripe for disposition, and this Court has determined that a hearing on Defendants' motion to dismiss is unnecessary.  [D.E. 192; 193].  After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Defendants' motion to dismiss should be **DENIED in part and GRANTED in part** with respect to Great American and should be **GRANTED** with respect to GA Alliance. [1]

## I.     BACKGROUND AND PROCEDURAL HISTORY

This action began as an insurance coverage dispute relating to multiple commercial liability policies issued by Wilshire to Crestview between 2017 and 2022. Specifically, Wilshire commenced a declaratory action on September 3, 2021, seeking a declaration that it is not required to defend or indemnify the Association in connection with two underlying lawsuits brought by a number of tenants and land trusts against it in 2021.  Wilshire is not included in Defendants' motion to dismiss. [D.E. 178; 179].

The underlying state class actions—one by a group of land trusts (the "Trustee Action") and one by a group of unit owners and tenants at the condominium (the "Bresilla Action")—assert damages in connection with a City of Miami directive, which ordered the evacuation of Crestview on July 2, 2021, due to its unsafe structural deficiencies.  The Trustee Action pleads negligence, breach of contract, and

---

[1]      On August 17, 2022, the Honorable Darrin P. Gayles referred all pre-trial non-dispositive and dispositive matters to the undersigned for disposition.  [D.E. 153].

breach of fiduciary duty against the Association for, among other reasons, allowing the building to fall into disrepair, for failing to maintain the common areas, and for failing to timely complete its required 40-year recertification process.  [D.E. 21-1]. The Bresilla Action also pleads negligence, breach of contract, and breach of fiduciary duty against the Association for, among other reasons, failing to maintain and repair Crestview and for failing to warn residents about the dangers associated with the deterioration of the building.  [D.E. 21-2].  Both the Trustee Action and the Bresilla Action seek economic damages as well.  The Trustee Action seeks economic damages due to higher long-term expenses caused by deferred maintenance.  [D.E. 168-1].  The Bresilla Action seeks economic damages due to the following: increased special assessments resulting from the exponential increase in the cost to repair the building, loss of ownership and equity in their units, loss of marketing power to sell or lease their units, and the diminution in the value of their units.  [D.E. 168-2].

It is alleged that these acts or omissions by the Association and its officers came to light shortly after the tragic collapse of the Champlain Towers on June 24, 2021, which triggered the City's demand for the Association to submit an engineering report as part of its 40-year recertification process.  According to the underlying state complaints, B&A Engineering issued a report on January 11, 2021, finding that Crestview was not structurally or electrically safe for continued occupancy. Crestview allegedly did not submit this report until the City demanded it, which led to the dispatch of a safety officer who declared the building unfit for habitation on July 2, 2021, resulting in the immediate evacuation of nearly 300 residents.

3

After the state actions were commenced, the Association tendered claim coverage requests to Wilshire, Great American, and GA Alliance seeking defense costs and indemnification coverage.  On August 16, 2022, Great American and GA Alliance moved to intervene in this action.  [D.E. 152].  The Intervenor Plaintiffs alleged that, as providers of a directors and officers liability policy and an umbrella excess coverage policy to the Association, they, too, had an interest in the litigation first brought by Wilshire.  The Court granted the motion for intervention, and the Intervenor Plaintiffs filed their intervenor complaint on December 15, 2022.  [D.E. 168].

The Intervenor Plaintiffs plead two counts for declaratory relief affirming that the Great American Parties do not have any obligation under their respective policies to defend or indemnify the Association in connection with the underlying state lawsuits.  Specifically, the Great American Parties alleged that their respective insurance policies contain exclusion provisions that foreclose coverage of the Association's alleged acts or omissions that have led to the filing of the underlying state lawsuits.  Alternatively, the Great American Parties seek equitable subrogation of the rights of the Association and other parties against Wilshire.  Finally, GA Alliance seeks recission of its umbrella policies on the basis that the Association made material misrepresentations regarding the condition of the building when applying for the policies.

The Association responded to the intervenor complaint on January 27, 2023, by means of a motion to dismiss for failure to state a claim and for lack of subject

matter jurisdiction due to lack of ripeness.  [D.E. 178; 179].  The motion to dismiss alleges that Great American's claim seeking a declaration that it has no duty to defend should be dismissed for failure to state a claim, and Great American's claim seeking a declaration that it has no duty to indemnify should be dismissed for lack of ripeness.  With respect to GA Alliance, the motion to dismiss alleges that GA Alliance's claim seeking a declaration that it has no duty to defend or indemnify and seeking rescission of the contract should be dismissed for lack of ripeness. Alternatively, the motion states that the rescission claim also fails to state a claim. In conjunction with its motion to dismiss, Defendants moved to stay all discovery regarding the Intervenor Plaintiffs pending resolution of their dispositive motion, which was denied by this Court in a prior order.  [D.E. 183; 184; 191].

## II.    APPLICABLE PRINCIPLES AND LAW

### A. _Legal Standard for a 12(b)(6) motion_

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." _Ashcroft v. Iqbal_, 556 U.S. 662, 678 (2009) (quoting _Bell Atl. Corp. v. Twombly_, 550 U.S. 544, 570 (2007)).  In other words, only a complaint that states a plausible claim for relief survives a motion to dismiss. _Iqbal_, 556 U.S. at 679.  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  _Id._ at 663 (citing _Twombly_, 550 U.S. at 556).  In reviewing a motion to dismiss for failure to state a claim, the court must accept all factual

allegations in the complaint as true and take them in the light most favorable to the plaintiff. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016).

When considering a Rule 12(b)(6) motion to dismiss, courts are limited to considering the complaint and attachments thereto, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Admiral's Port Condo. Ass'n v. Endurance Am. Specialty Ins. Co.*, No. 22-23408-CIV, 2023 WL 2760076, at *3 (S.D. Fla. Mar. 16, 2023) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007)), *report and recommendation adopted*, No. 22-23408-CV, 2023 WL 2756491 (S.D. Fla. Apr. 3, 2023).

**B.** **_Legal Standard for a 12(b)(1) motion_**

Under Rule 12(b)(1), a defendant may contest subject matter jurisdiction on facial or factual grounds. *Principal Life Ins. Co. v. Alvarez*, No. 11-21956-CIV, 2011 WL 4102327, at *2 (S.D. Fla. Sept. 14, 2011) (Altonaga, J.). "A facial attack asserts that a plaintiff has failed to allege a basis for subject matter jurisdiction in the complaint," and "the plaintiff's allegations are taken as true for the purposes of the motion[.]" *Reesey v. Fed. Emergency Mgmt. Agency*, No. 13-60488-CIV, 2013 WL 12086662 (S.D. Fla. July 9, 2013) (quoting *Alvarez*, 2011 WL 4102327, at *2), *judgment entered*, No. 13-60488-CIV, 2013 WL 12086663 (S.D. Fla. Aug. 29, 2013).

A motion to dismiss for lack of ripeness constitutes a motion to dismiss for lack of subject matter jurisdiction under the Federal Rules of Civil Procedure because lack of ripeness constitutes a defect in subject-matter jurisdiction. *See* Fed. R. Civ. P.

12(b)(1); *Club Madonna, Inc. v. City of Miami Beach*, 924 F.3d 1370, 1378 (11th Cir. 2019). A claim that is not ripe fails to present a "case or controversy" within the meaning of Article III, and the "ripeness doctrine protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes." *Sullivan v. Everett Cash Mut. Ins. Co.*, No. 19-11943, 2023 WL 1521579, at *4 (11th Cir. Feb. 3, 2023) (quoting *Digital Properties, Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997)). Subject matter jurisdictional disputes in federal court that concern a justiciable "case or controversy" are to be resolved under federal law, not state law. *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. F. Vicino Drywall II, Inc.*, No. 10-CV-60273, 2010 WL 11552848, at *2 (S.D. Fla. Oct. 24, 2010).

With respect to the Declaratory Judgment Act, the Supreme Court has found that a proper controversy under the statute must be definite, concrete, real, substantial, and not hypothetical. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937); 28 U.S.C. § 2201. In the context of an insurance dispute, the difference between an abstract question and a justiciable controversy basically turns on whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *See Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). The Supreme Court has further noted that the Declaratory Judgment Act provides district courts with discretion over whether to exercise jurisdiction in any particular case. *Nat'l Union Fire Ins. Co. of*

*Pittsburgh, PA*, 2010 WL 11552848 at *3; *see also Public Affairs Assoc., Inc. v. Rickover*, 369 U.S. 111, 112 (1962) ("The Declaratory Judgment Act was an authorization, not a command. It gave federal courts competence to make a declaration of rights; it did not impose a duty to do so.").

## III.   ANALYSIS

### A. <u>Defendants' Motion to Dismiss Great American's claims</u>

First, we address Defendants' motion to dismiss Great American's claims under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). [D.E. 178]. Defendants' motion argues that Great American has failed to state a claim for relief on its no duty to defend claim, and Great American's no duty to indemnify claim is not ripe for adjudication.   For the reasons that follow, Defendants' motion to dismiss Great American's claims is DENIED in part and GRANTED in part.

### 1.   *12(b)(6) Motion as to Great American's No Duty to Defend Claim*

Defendants argue that Great American's complaint seeking a declaration that it has no duty to defend should be dismissed because the underlying state complaints do not allege facts that clearly bring the entire case within any one exclusion in the directors and officers liability insurance contract.   Defendants argue that although one exclusion may apply to *some* of the underlying claims, a single exclusion does not apply to *all* of the underlying claims, and thus Great American's complaint should be dismissed.   According to Defendants, the underlying claims do not fit entirely within any of the following exclusions: the property damage exclusion; the mental or emotional distress exclusion; the construction defect exclusion; the contractual

8

liability exclusion; the relief or redress other than money damages exclusion; the insured versus insured exclusion; the insured gaining profit, advantage, or remuneration exclusion; or the other valid and collectible policy exclusion.

Great American counters that all of the underlying claims fit within the property exclusion, which says that the directors and officers liability policy does not apply to "any claim . . . based upon, arising out of, relating to, directly or indirectly resulting from or in consequence of, or in any way involving . . . damage to or destruction of any tangible property or the loss of use of any tangible property." [D.E. 168-3]. Great American also alleges that if the underlying suits are construed to seek damages in connection with property that is not damaged but is otherwise defective, then coverage would still be barred under the construction defect exclusion. [D.E. 168; 188].[2]

The interpretation of insurance contract provisions is a matter of law to be decided by the court. *Adelberg v. Berkshire Life Ins. Co.*, 97 F.3d 470, 472 (11th Cir. 1996). Under Florida law, an insurer's duty to defend is separate and distinct from its duty to indemnify. *Mid-Continent Cas. Co. v. Am. Pride Bldg. Co.*, 601 F.3d 1143, 1148 (11th Cir. 2010). Because the duty to defend in Florida is broader than the duty to indemnify, insurers must defend when the complaint alleges facts that fairly and

---

[2] Great American failed to address the other exclusions brought up by the Defendants in their motion to dismiss, which means Great American has conceded that those exclusions do not bar coverage in this case. *See, e.g.*, *Barboza v. Drummond Co.*, No. 06-61527-CIV, 2007 WL 9701028, at *2 (S.D. Fla. Nov. 20, 2007) (treating plaintiff's failure to respond to certain arguments in a motion to dismiss as a concession).

potentially bring the suit within policy coverage. *Pub. Risk Mgmt. of Fla. v. One Beacon Ins. Co.*, 569 F. App'x 865, 870 (11th Cir. 2014) (citing *Lime Tree Vill. Cmty. Club Ass'n v. State Farm Gen. Ins. Co.*, 980 F.2d 1402, 1405 (11th Cir. 1993)). And as the question of whether Great American has a duty to defend is based on the complaints and attachments thereto,[3] this Court can consider whether Great American has a duty to defend on Defendants' motion to dismiss. *See Addison Ins. Co. v. 4000 Island Blvd. Condo. Ass'n*, 721 F. App'x 847, 854 (11th Cir. 2017) (finding that the determination of an insurer's duty to defend falls under the eight corners rule, which is limited to the four corners of the insurance policy and the four corners of the underlying complaint); *Emps. Ins. Co. of Wausau v. Pool*, 625 F. Supp. 3d 1250, 1257 (S.D. Fla. 2022) (granting Defendants' motion to dismiss and finding that the insurer had a duty to defend). When an insurer relies on an exclusion to deny coverage, it has the burden of demonstrating that the allegations of the complaint are cast solely and entirely within the policy exclusion and are subject to no other reasonable interpretation. *Hartford Acc. & Indem. Co. v. Beaver*, 466 F.3d 1289, 1296 (11th Cir. 2006) (internal quotations and citations omitted).

In our case, Defendants' assertion that the underlying complaints must fit entirely within a single exclusion in the insurance contract does not have unanimous support. *See S. Owners Ins. Co. v. Gallo Bldg. Servs., Inc.*, 2018 WL 6619987, at *7 (M.D. Fla. Dec. 18, 2018) (applying the underlying complaint's claims to each

---

[3]   Specifically, the underlying state complaints and the directors and officers liability policy.

exclusion individually).  *But see Sec. Nat'l Ins. Co. v. Gladstone Law Grp., P.A.*, 554 F. Supp. 3d 1265, 1272 (S.D. Fla. 2021) ("Where the application of *one or more* policy exclusions applies to the face of the complaint, no duty to defend exists . . . .") (internal citation omitted) (emphasis added); *Cincinnati Specialty Underwriters Ins. Co. v. KNS Grp., LLC*, 561 F. Supp. 3d 1298, 1305 (S.D. Fla. 2021) (same), *aff'd*, No. 21-13628, 2022 WL 5238711 (11th Cir. Oct. 6, 2022).

Nevertheless, assuming without deciding that all the underlying claims must fit under the property exclusion, Great American's complaint has alleged a sufficient injury that is reasonably plausible on its face and thus survives a motion to dismiss. The underlying state claims were not filed until after Crestview was evacuated due to structural deficiencies in the building.  [D.E. 1-1; 1-2].  Therefore, it is reasonably plausible that all the underlying claims, including the economic damages sought, fall within the property exclusion, which applies to "any claim . . . in any way involving . . . damage to or destruction of any tangible property or the loss of use of any tangible property."  Furthermore, a motion to dismiss a complaint for a declaratory judgment is not a motion on the merits and only determines whether the plaintiff is entitled to a declaration of rights, not whether it is entitled to a declaration in its favor.  *Parr v. Maesbury Homes, Inc.*, 2009 WL 5171770, at *8 (M.D. Fla. Dec. 22, 2009).  Great American is thus entitled to a declaration of rights on its duty to defend claim because Great American has and continues to suffer an injury by having to defend the Defendants in the underlying state actions.  Therefore, the allegations in Great American's complaint are sufficient to state a cause of action for declaratory relief.

Additionally, this Court declines Defendants' invitation to interpret the insurance contract at the motion to dismiss stage.  In addition to the question of whether one or more exclusions can apply to the underlying claims, Defendants and Great American also disagree (among other things) over whether the origin of the underlying state claims is the property damage to Crestview or the breach of fiduciary duty by the Association.  [D.E. 188; 192].  Thus, "the determination of insurance coverage is more appropriate for the summary judgment stage, after the parties have ferreted out the facts and developed a record, not the motion to dismiss stage, where the Court's hands are tied to accept all the factual allegations in the claim as true and evaluate all inferences derived from those facts in the light most favorable to the non-moving party." *Md. Cas. Co. v. Smartcop, Inc.*, 2012 WL 2675476, at *3 (S.D. Fla. July 6, 2012) (quoting *Axis Surplus Ins. Co. v. Superior Mortg. Serv.*, 2010 WL 55553, at *2 (M.D. Fla. Jan. 4, 2010)).  Defendants cite to *Employers Insurance Company of Wausau v. Pool*, 625 F. Supp. 3d 1250, 1257 (S.D. Fla. 2022), where the court held that an insurance company had a duty to defend in a motion to dismiss. Yet, in *Employers*, there was no discussion of the applicability of policy exclusions, and it was "undisputed" that the insurance company had a duty to defend.  *Id.*  Here, it is not undisputed that Great American has a duty to defend because of the possible applicability of the exclusion(s) in the directors and officers liability policy. Accordingly, Defendants' motion to dismiss Great American's no duty to defend claim should be DENIED.

12

## 2.   *12(b)(1) motion as to Great American's no duty to indemnify claim*

The Defendants then argue that Great American's no duty to indemnify claim should be dismissed without prejudice because a primary insurer's duty to indemnify its insured is not ripe for adjudication until the underlying lawsuit is resolved.  *See Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019).  Both the Trustee Action and the Bresilla Action have not been resolved [D.E. 168]; thus, Defendants argue that Great American's indemnification claim is not ripe.

Great American counters that *Mid-Continent* is not controlling because *Mid-Continent* only considered the duty to indemnify, and the duty to defend was not on the table.  *Id.* at 772. Great American also adds that *Mid-Continent* considered a well-established exception to the general indemnification rule where "the court can determine that the allegations in the complaint could under no circumstances lead to a result which would trigger the duty to indemnify."  *Id.* at 771; *see also Mt. Hawley Ins. Co. v. Miami River Port Terminal, LLC*, 228 F. Supp. 3d 1313, 1325 (S.D. Fla. 2017) (Gayles, J.) ("A declaration as to the duty to indemnify is generally premature unless there has been a resolution of the underlying claim, but the exception to this general principle is if the court can determine that the allegations in the complaint could under no circumstances lead to a result which would trigger the duty to indemnify."), *aff'd*, 713 F. App'x 951 (11th Cir. 2017).

While the duty to defend is broad and is based on the allegations in the complaint, the duty to indemnify is determined by the facts adduced at trial or during

discovery. *Pub. Risk Mgmt. of Fla. v. Munich Reinsurance Am., Inc.*, 38 F.4th 1298, 1306 (11th Cir. 2022) (internal quotations omitted).  A court's determination that the insurer has no duty to defend requires a finding that there is no duty to indemnify. *Trailer Bridge, Inc. v. Illinois Nat. Ins. Co.*, 657 F.3d 1135, 1146 (11th Cir. 2011) (internal quotations omitted).  However, an insurer may be required to defend a suit even if the later true facts show there is no coverage and thus no duty to indemnify. *See Trizec Properties, Inc. v. Biltmore Const. Co.*, 767 F.2d 810, 812 (11th Cir. 1985).

Here Great American's request for a determination that it has no duty to indemnify the Defendants is simply not ripe for adjudication.[4]  Given that an insurer's duty to indemnify is not ripe for disposition in a declaratory judgment action until the insured is in fact held liable in the underlying suit, this Court should not consider whether Great American has a duty to indemnify the Defendants until final disposition of the underlying lawsuit.  *See Westchester Gen. Hosp., Inc. v. Evanston Ins. Co.*, No. 19-22831-CIV, 2020 WL 4501947, at *20 (S.D. Fla. May 4, 2020) (Torres, Mag. J.), *report and recommendation adopted*, No. 19-22831-CIV, 2020 WL 6870875 (S.D. Fla. July 13, 2020), *aff'd*, 48 F.4th 1298 (11th Cir. 2022).

Furthermore, the exception to this general indemnification rule is not applicable here.  The court in *Mt. Hawley* only applied the exception after determining that the insurer had no duty to defend.  228 F. Supp. 3d at 1326.  Thus,

---

[4]     "Because this [claim] is not ripe, the Court need not consider whether it should abstain from exercising its jurisdiction under the nine factors set forth in *Ameritas*." *Interstate Fire & Cas. Co. v. McMurry Constr. Co.*, 2017 WL 821746, at *2 (M.D. Fla. Mar. 2, 2017) (alteration added) (citing to *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330-31 (11th Cir. 2005)).

there was no need for an analysis of the duty to indemnify claim because the finding of no duty to defend automatically leads to a finding of no duty to indemnify. *See id.*

At present this Court has not yet decided whether Great American has a duty to defend; thus, the automatic determination that an insurer has no duty to indemnify is not implicated here. Furthermore, even when taking the exception at its word, this Court cannot say that "the allegations in the complaint could under no circumstances lead to a result which would trigger the duty to indemnify." *See id.* at 1325. The allegations in the underlying state complaints *could* lead to a result that would trigger the duty to indemnify, as it is not clear at this point whether the exclusion(s) in the directors and officers liability policy preclude coverage. The exception is also "discretionary." So that means that when issues are left unresolved as to whether Great American has a duty to defend, and whether the Defendants will be held liable in the underlying lawsuits, this Court properly should decline to exercise its discretion. *See Lee Mem'l Health Sys. v. Lexington Ins. Co.*, 2019 WL 2471821, at *2 (M.D. Fla. Apr. 22, 2019); *Public Affairs Assoc., Inc.*, 369 U.S. at 112.

Additionally, even though *Mid-Continent* did not directly consider an insurer's duty to defend, the court did note that the duty to defend "may be ripe" even though the duty to indemnify was not ripe for adjudication. 766 F. App'x at 770, 772. Therefore, if this Court determines that Great American has no duty to defend or if liability is established against the Defendants in the underlying lawsuits, then we can cross that bridge when the time arrives. *See Mt. Hawley Ins. Co.*, 228 F. Supp. 3d at 1326; *Westchester Gen. Hosp., Inc.*, 2020 WL 4501947 at *20. Accordingly,

Defendants' motion to dismiss should be GRANTED, and Great American's request for declaratory relief as to its duty to indemnify the Defendants should be **dismissed without prejudice**.[5]

### B. *Defendants' Motion to Dismiss GA Alliance's claims*

Now we turn to Defendants' motion to dismiss GA Alliance's claims under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), respectively.   [D.E. 179]. Defendants' motion argues that GA Alliance's no duty to defend claim, no duty to indemnify claim, and rescission claim are all not ripe for adjudication.  Alternatively, Defendants argue that GA Alliance's rescission claim should be dismissed for failure to state a claim where GA Alliance did not affirmatively allege that it rejected the umbrella policies in a "reasonably prompt fashion" after discovering the grounds for rescission.   [D.E. 179].   As we discuss below, Defendants' motion to dismiss GA Alliance's claims under Rule 12(b)(1) has merit and should be GRANTED.[6]

The Defendants argue that GA Alliance's no duty to defend, no duty to indemnify, and rescission claims are all not ripe for adjudication because GA Alliance has failed to allege exhaustion of the primary insurance sufficient to trigger its own excess policies.  *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2010 WL 11552848 at *1, *7 (dismissing an excess insurer's claims seeking a declaration that it has no

---

[5]      "[D]ismissals for lack of jurisdiction should always be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claim."  *Lewis v. Seneff*, 654 F. Supp. 2d 1349, 1358 (M.D. Fla. 2009) (internal quotations omitted).
[6]      Because we have determined that GA Alliance's claims are not ripe for adjudication, no opinion need be made as to whether GA Alliance was required to plead that it rejected the umbrella policies in a "reasonably prompt fashion."

duty to defend or indemnify for failure to present an actual case or controversy); *Ironshore Indem., Inc. v. Banyon 1030-32, LLC*, No. 10-60285-CIV, 2010 WL 11601098, at *3 (S.D. Fla. May 28, 2010) (finding the lack of an actual case or controversy fatal to both the rescission claim and the claim for a declaration of no coverage under the policy exclusions).

GA Alliance counters that *Ironshore* did not involve any claims made against the excess insurer, and *National Union* relied on a case that involved a priority battle between insurers, which is not implicated here. GA Alliance further states that only a "practical likelihood" that a dispute will arise is required for an actual case or controversy under the Declaratory Judgment Act. *See Laboss Transportation Servs., Inc. v. Glob. Liberty Ins. Co. of N.Y.*, 208 F. Supp. 3d 1268, 1280 (S.D. Fla. 2016); *GTE Directories Pub. Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1569 (11th Cir. 1995). With respect to the rescission claim, GA Alliance also argues that the Court has subject matter jurisdiction because the claim is based on misrepresentations by the Association without regard to the underlying state lawsuits. [D.E. 189].

Excess insurance exists where, under the terms of the policy, liability only attaches after a predetermined amount of primary insurance coverage has been exhausted. *Privilege Underwriters Reciprocal Exch. v. Hanover Ins. Grp.*, 304 F. Supp. 3d 1300, 1308 (S.D. Fla. 2018). Here, both GA Alliance and the Defendants agree that GA Alliance has no "defense or indemnity obligation to the Association until and unless $1,000,000 of the required underlying coverage has been exhausted in connection with covered claims or suits." [D.E. 168; 179]. Therefore, GA Alliance

17

is an excess insurer, and even though the Association submitted the underlying state lawsuits to GA Alliance for coverage, GA Alliance presently has no duty to defend or indemnify the Association in connection with the underlying state lawsuits because the underlying coverage has not been exhausted.  [D.E. 168].

Nevertheless, GA Alliance requests a declaration that it will indeed have no duty to defend or indemnify the Defendants if the underlying coverage does become exhausted.  But GA Alliance's request for a declaration that it has no duty to defend or indemnify the Defendants, as well as GA Alliance's rescission claim, are not ripe for adjudication.  A declaratory judgment may only be issued in the case of an actual controversy.  *DiMaio v. Democratic Nat. Committee*, 520 F.3d 1299, 1301 (11th Cir. 2008).  No action for declaratory relief will lie to establish an excess insurer's liability until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize.  *Allstate Ins. Co. v. Emp'rs Liab. Assurance Corp.*, 445 F.2d 1278, 1280-81 (5th Cir. 1971).[7] Because there has been no judgment rendered against the Defendants, no action for declaratory relief will lie in this case.

To the extent that the Defendants rely on the practical likelihood that the underlying coverage will be exhausted,[8] the court in *National Union* made clear that

---

[7]     All cases decided by the Fifth Circuit Court of Appeals before September 30, 1981, are binding precedent in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

[8]     It is worth noting that *Laboss* did not involve an excess insurance company, and the statements made about liability insurers in *GTE* are dicta as *GTE* did not involve an insurance dispute.  *See Laboss Transportation Servs., Inc.*, 208 F. Supp. 3d at 1272-73; *GTE Directories Pub. Corp.*, 67 F.3d at 1564-67.

"the likelihood inquiry is secondary in importance to the question of whether the primary insurance was actually exhausted." *See* 2010 WL 11552848 at *7 n.7. Generally, no case or controversy exists where the excess coverage is contingent on exhaustion of the underlying coverage, and the underlying coverage has not been exhausted. *See Nat'l Union Fire Ins. Co. of Pittsburgh,* PA, 2010 WL 11552848 at *6 (citing *Ironshore Indem., Inc.*, 2010 WL 11601098 at *3 n.4). As the underlying coverage has not been exhausted in this case, no case or controversy exists here.

Additionally, GA Alliance did not raise any indication in its *complaint* that the underlying state claims are likely to exhaust the underlying coverage, and thus the complaint is facially insufficient to establish a case or controversy. *See Nat'l Union Fire Ins. Co. of Pittsburgh,* PA, 2010 WL 11552848 at *5 (citing *Ironshore Indem., Inc.*, 2010 WL 11601098 at *2). GA Alliance argued for the first time in its response to Defendants' motion to dismiss how the underlying state claims would easily exceed $2 million and thus trigger the excess coverage. [D.E. 189]. However, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Tierney v. Harrison*, 2022 WL 2670180, at *4 (N.D. Fla. June 8, 2022), *report and recommendation adopted*, 2022 WL 2668541 (N.D. Fla. July 11, 2022) (internal citations and quotations omitted).

The mere fact that the Association tendered a coverage request to GA Alliance is insufficient to establish a case or controversy because GA Alliance has not alleged that the underlying coverage has been exhausted. Indeed, the court in *Ironshore* found that although the plaintiff had alleged that certain loss payees and insureds

had submitted a demand and proof of loss in excess of the underlying coverage, the plaintiff did not allege that the underlying coverage had been exhausted, and thus there was no case or controversy. *See Ironshore Indem., Inc.*, 2010 WL 11601098 at *2; *Nat'l Union Fire Ins. Co. of Pittsburgh,* PA, 2010 WL 11552848 at *6. Here, neither GA Alliance nor the underlying state claims have even submitted proof of loss sufficient to trigger GA Alliance's excess umbrella coverage. As such, even though it is certainly possible that the underlying lawsuits may exhaust Great American's primary policy and trigger GA Alliance's excess policy, GA Alliance has not alleged that the underlying coverage has been exhausted. Therefore, GA Alliance's no duty to defend and no duty to indemnify claims are not ripe for adjudication.

Furthermore, GA Alliance's rescission claim is also not ripe for adjudication. Because there has been no judgment rendered against the Defendants and the underlying coverage has not been exhausted, GA Alliance's no duty to defend or indemnify claims failed to qualify as a case or controversy. This "lack of an actual case or controversy is fatal *both* to the claim for declaration of rescission and the claim for declaration of no coverage under the exclusions." *Ironshore Indem., Inc.*, 2010 WL 11601098 at *3 (emphasis added). GA Alliance sought a declaration of no coverage under the exclusions relating to its duty to defend and indemnify; thus, GA Alliance's failure to allege an actual case or controversy kills its duty to defend claim, its duty to indemnify claim, and its rescission claim. GA Alliance cites to no case that allowed an excess insurer's rescission claim to survive after the no duty to defend or indemnify claims were dismissed for lack of ripeness. Therefore, GA Alliance's rescission claim

20

is similarly not ripe.  Accordingly, Defendants' motion to dismiss GA Alliance's claims under Rule 12(b)(1) should be GRANTED, and GA Alliance's claims should be **dismissed without prejudice**.

## IV.    CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendants' motion to dismiss GA Alliance's claims [D.E. 179] be **GRANTED without prejudice**, and Defendants' motion to dismiss Great American's claims [D.E. 178] be **DENIED** in part and **GRANTED** in part as follows:

A.  Defendants' motion to dismiss Great American's no duty to defend claim should be DENIED.

B.  Defendants' motion to dismiss Great American's no duty to indemnify claim should be GRANTED without prejudice.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.  Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.  28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016)

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 27th day of June, 2023.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge