## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:21-cv-23214-DPG

**WILSHIRE INSURANCE COMPANY**,

     Plaintiff,

and

**GREAT AMERICAN ALLIANCE INSURANCE COMPANY and GREAT AMERICAN INSURANCE COMPANY**,

     Intervenor Plaintiffs,

v.

**CRESTVIEW TOWERS CONDOMINIUM ASSOCIATION, INC, et al.**,

     Defendants.

_____/

### <u>ORDER</u>

    **THIS CAUSE** comes before the Court on Chief Magistrate Judge Edwin G. Torres' Report and Recommendation (the "Report"), [ECF No. 220], regarding Crestview Towers Condominium Association, Inc. and Marian Mori's (collectively, "Defendants"): (1) Motion to Dismiss Great American Insurance Company's ("Great American") Complaint, [ECF No. 178]; and (2) Motion to Dismiss Great American Alliance Insurance Company's ("GA Alliance") Complaint, [ECF No. 179]. On August 17, 2022, the Court referred this case to Judge Torres, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pre-trial, non-dispositive matters and a report and recommendation on all dispositive matters. [ECF No. 153]. On June 27, 2023, Judge Torres issued his Report recommending that: (1) Defendants' Motion as to Great American be granted in part and denied

in part; and (2) Defendants' Motion as to GA Alliance be granted. GA Alliance filed timely objections. [ECF No. 226]. However, no objections were filed by Great American.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objections are made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objections are made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Having reviewed the Report for clear error as to Great American's claims and conducted a *de novo* of the record as to GA Alliance's claims, the Court agrees with Judge Torres' well-reasoned analysis and conclusion that Defendants' Motion as to Great American's claims should be granted in part and denied in part and that Defendants' Motion as to GA Alliance's claims should be granted.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.   Chief Magistrate Judge Edwin G. Torres' Report and Recommendation, [ECF No. 220], is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference.

2.   Defendants' Motion to Dismiss Great American Insurance Company's Complaint, [ECF No. 178], is **DENIED** as to Great American's no duty to defend claim and is **GRANTED without prejudice** as to Great American's no duty to indemnify claim.

3.      Defendants' Motion to Dismiss Great American Alliance Insurance Company's

Complaint, [ECF No. 179], is **GRANTED without prejudice**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of August, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE